# United States Tax Court

T.C. Summary Opinion 2026-6

TRISHA D. ANDERSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11171-24S.                           Filed July 22, 2026.

————

*Christopher M. Kozun* and *Richard A. Carpenter*, for petitioner.

*Leyla KM Moustapha* and *Donna L. Crosby*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Petitioner seeks review under section 6015(e)(1) of the final determination by the Internal Revenue Service (IRS)[2] denying her

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

request for innocent spouse relief under section 6015(b), (c), and (f) for tax year 2016.

The sole issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(b), (c), or (f) for tax year 2016. For the following reasons, the Court concludes that petitioner is entitled to relief under section 6015(c). The Court also concludes that petitioner abandoned her request under section 6015(b) and will not address that claim further. Having decided that she is entitled to relief under section 6015(c), the Court will not address whether she is entitled to relief under section 6015(f).

*Background*

Some of the facts have been stipulated and are so found. Respondent filed the Administrative Record on February 14, 2025, under Rule 93; it consisted of Exhibits 1-R through 22-R. The parties also filed a Stipulation of Facts consisting of paragraphs 1 through 17 and Exhibits 1-J through 14-J in which they also stipulated the Administrative Record. The Administrative Record, the Stipulation of Facts, and the above-referenced Exhibits are incorporated herein by this reference.

Petitioner lived in California when she filed the Petition.

I.    *Petitioner's Marriage and Finances*

Petitioner and her former spouse, Quentin D. Anderson, were married on December 29, 1991. In July of 2016, the year in issue, they separated after selling their house. Petitioner filed for divorce in November of 2017, and the divorce was finalized on August 24, 2021. In petitioner's and Mr. Anderson's divorce decree, the parties agreed that Mr. Anderson would pay the 2016 federal tax liability that is in issue in this case.

During their marriage and through 2016, petitioner and Mr. Anderson maintained a joint bank account. Petitioner did not have a separate bank account until 2017, after she and Mr. Anderson separated. During 2016 Mr. Anderson earned all the couple's income. Mr. Anderson primarily managed the finances and financial decision-making during their marriage, including preparing and filing the joint federal income tax returns.

Petitioner is a college graduate with a degree in psychology. Mr. Anderson received an undergraduate degree in finance and a master of business administration degree. During their marriage he worked as an accountant, banker, and stockbroker. Petitioner was a stay-at-home mother for her and Mr. Anderson's children.

After separating from Mr. Anderson, petitioner filed separate federal tax returns for tax years 2017 and 2018. For tax year 2017 she claimed the filing status of married filing separately and reported that she was unemployed and did not earn any income. For tax year 2018 she claimed the filing status of Head of Household, claimed her son as a dependent, and reported adjusted gross income of $6,400. During 2018 petitioner worked as a retail clerk. On her 2017 and 2018 tax returns she listed her then-address, which was different from Mr. Anderson's.

Petitioner is currently unemployed without any monthly income. She is currently supported by a friend to whom she is neither engaged nor married. Because of her current health problems, petitioner is unable to work. She has a vehicle but does not currently have any personal bank accounts, investments, or other assets.

II.    *The Deficiency, Tax Reporting, and Examination of Tax Return*

In 2003 petitioner and Mr. Anderson purchased a house that was titled in both their names. At that time petitioner was not working. By 2016 the property was subject to two mortgages: the first held by Citi Mortgage, Inc., and the second held by Wells Fargo Bank N.A.

Sometime after the couple purchased their house, Mr. Anderson established a family trust for the purpose of avoiding probate and protecting their children. On August 2, 2005, Mr. Anderson had the house retitled in the name of The Anderson Family Trust, with petitioner and Mr. Anderson named as trustees. In 2016 petitioner and Mr. Anderson put their house up for sale. During the time the house was on the market petitioner saw a lien notice placed on the front door which mentioned the second mortgage on the house. Petitioner was not aware there was a second mortgage on the house until she saw that lien notice. During 2016 Mr. Anderson was the sole "payer/borrower" listed on two Forms 1098, Mortgage Interest Statement, the mortgage interest tax documents issued by Citi Mortgage, Inc., and Wells Fargo Bank N.A.

On July 18, 2016, petitioner and Mr. Anderson, through the Anderson Family Trust, sold their house. Petitioner did not receive any proceeds from the sale. She does not know what happened to any net

proceeds from the sale. After selling the house, petitioner and Mr. Anderson separated and moved to separate residences.

The documents from the sale of the house were mailed to petitioner's and Mr. Anderson's separate residences. The Seller's Final Settlement Statement attached to those documents lists interest paid on July 15, 2016, from the sale of the house to "CitiBank" in the amount of $92,371.41 and to "Wells Fargo Home Mortgage" in the amount of $16,036.42, totaling $108,407.83. Although the property was owned by The Anderson Family Trust, the Forms 1098 listed Mr. Anderson as the only borrower on the two mortgages.

Using tax software Mr. Anderson prepared and electronically filed his and petitioner's 2016 joint Form 1040, U.S. Individual Income Tax Return. Petitioner did not earn wages in 2016 and did not file a separate tax return for that year. When the return was filed, petitioner and Mr. Anderson were separated but not divorced. On their 2016 tax return petitioner and Mr. Anderson reported the sale of the house. Mr. Anderson attached to that tax return Schedule A, Itemized Deductions, and claimed a deduction for home mortgage interest of $108,220.

The IRS examined petitioner and Mr. Anderson's 2016 joint tax return on August 31, 2018. After the examination the IRS issued a Notice of Deficiency dated November 1, 2019, for tax year 2016 in both petitioner's and Mr. Anderson's names. The Notice of Deficiency, however, was sent only to Mr. Anderson's address. The record does not include evidence that the Notice of Deficiency was mailed to petitioner, and petitioner never received it. In that Notice of Deficiency the IRS disallowed the home mortgage interest deduction, writing in the Explanation of Items section that "[s]ince you did not establish that the amount shown was (a) interest expense, and (b) paid, the amount is not deductible." There was also a computational adjustment for alternative minimum tax for that year. The IRS closed the examination on March 16, 2020. The record does not indicate whether Mr. Anderson, who received the Notice of Deficiency, responded and provided the IRS with the Seller's Final Settlement Statement or submitted an audit reconsideration request.

III.    *Petitioner's Request for Innocent Spouse Relief and Petition*

Petitioner filed Form 8857, Request for Innocent Spouse Relief, which the IRS received on April 18, 2023. After reviewing her claim, the IRS issued petitioner a Notice of Determination Concerning Relief From

Joint and Several Liability Under Section 6015 dated April 10, 2024, denying her request for relief under section 6015(b), (c), and (f) for tax year 2016. Petitioner timely filed a Petition with the Court on July 8, 2024, challenging the April 10, 2024, Notice of Determination, upon which this case is based.

*Discussion*

## I.  *Jurisdiction*

The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent provided by Congress. I.R.C. § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *see also* Rules 13(a) and (b), 320(b). Pursuant to section 6015(e), as applicable in this case, this Court has jurisdiction to review a stand-alone petition for innocent spouse relief when the taxpayer files a petition not later than the close of the 90th day after the Commissioner has mailed a final determination denying the requesting spouse's claim for relief. *See* I.R.C. § 6015(e)(1)(A)(i)(I), (ii). Petitioner timely filed a stand-alone Petition with this Court on July 8, 2024, seeking relief from joint and several liability under section 6015(b), (c), and (f) for the understatement for tax year 2016. Accordingly, this Court has jurisdiction under section 6015(e) to review the final determination denying her request for relief for 2016, the taxable year at issue.

## II.  *Innocent Spouse Relief Under Section 6015*

### A.  *Generally*

In general, married taxpayers may elect to file a joint federal income tax return. I.R.C. § 6013(a). If a joint return is made, generally each spouse is jointly and severally liable for the entire tax due on their aggregate income for that year. I.R.C. § 6013(d)(3); *Cheshire v. Commissioner*, 115 T.C. 183, 188 (2000), *aff'd*, 282 F.3d 326 (5th Cir. 2002); *Butler v. Commissioner*, 114 T.C. 276, 282 (2000); Treas. Reg. § 1.6013-4(b). In certain circumstances, however, section 6015 allows a spouse to obtain relief from joint and several liability. I.R.C. § 6015(a).

In determining whether a taxpayer is entitled to relief under section 6015, the Court applies a de novo standard of review and the Court's scope of review is limited to the "administrative record established at the time of the determination, and . . . any additional newly discovered or previously unavailable evidence." *See* I.R.C. § 6015(e)(7); *Thomas v. Commissioner*, 162 T.C. 9, 16 (2024); *Porter v.*

*Commissioner*, 132 T.C. 203, 210 (2009), *superseded in part by statute*, Taxpayer First Act, Pub. L. No. 116-25, § 1203, 133 Stat. 981, 988 (2019). Taxpayers generally bear the burden of proving that they are entitled to relief under section 6015. *See* Rule 142(a)(1); *Porter*, 132 T.C. at 210.

Because it would be considered "previously unavailable evidence," the Court will consider petitioner's and Mr. Anderson's trial testimony. *See Thomas*, 162 T.C. at 20 (first citing *Freman v. Commissioner*, T.C. Memo. 2023-10, at *10; and then citing *Sleeth v. Commissioner*, T.C. Memo. 2019-138, at *3, *aff'd*, 991 F.3d 1201 (11th Cir. 2021)).

B.      *Section 6015(c)*

To qualify for relief under section 6015(c), the requesting spouse must satisfy all of the following conditions: (1) a joint return was filed for the taxable year; (2) at the time of the election, the requesting spouse was separated or divorced from the nonrequesting spouse or was not a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief; and (3) the requesting spouse made a timely election for relief. I.R.C. § 6015(c)(1), (3). An election under section 6015(c) is timely if made not later than two years from the date that the IRS has begun collection activity against the requesting spouse. I.R.C. § 6015(c)(3)(B).

If the Commissioner demonstrates that, at the time of signing the return, a requesting spouse had actual knowledge of the item giving rise to a deficiency (or a portion thereof), the requesting spouse shall be ineligible for relief under section 6015 for the deficiency (or portion thereof). I.R.C. § 6015(c)(2), (3)(C).

Actual knowledge is not inferred from a requesting spouse's reason to know. Treas. Reg. § 1.6015-3(c)(4) (ex. 2). Further, knowledge of the source of an erroneous item is not sufficient to establish actual knowledge. *Id.* subpara. (2)(iii); *see id.* subpara. (4) (ex. 5(iii)). Instead, "[i]n the case of an erroneous deduction or credit, knowledge of the item means knowledge of the facts that made the item not allowable as a deduction or credit." *Id.* subpara. (2)(i)(B).

The burden of proof normally is with the Commissioner to demonstrate that the electing spouse had actual knowledge. *Id.* subpara. (2)(i). To preclude relief for actual knowledge under section 6015(c), the Commissioner must prove by a preponderance of the evidence that the requesting spouse had actual knowledge of any item

giving rise to a deficiency. *Cheshire v. Commissioner*, 282 F.3d at 335; *Culver v. Commissioner*, 116 T.C. 189, 196 (2001).

    1.    *Analysis*

The Court considers the conditions for section 6015(c) relief as follows:

(1) A joint return was filed for the taxable year.

Yes, petitioner filed a joint return for tax year 2016.

(2) At the time of the election, the requesting spouse was separated or divorced from the nonrequesting spouse or was not a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief.

Yes, petitioner requested relief by filing Form 8857, which the IRS received on April 18, 2023, after her divorce from the nonrequesting spouse was finalized on August 24, 2021.

(3) The requesting spouse made a timely election for relief.

Yes, the parties agree that petitioner timely filed Form 8857.

(4) Did the requesting spouse have actual knowledge of the item giving rise to the deficiency?

In her testimony, which the Court found credible, petitioner stated that she thought the mortgage interest was paid. In the Notice of Deficiency, which petitioner never received, it appears that the IRS's reason for disallowing the mortgage interest deduction for petitioner and Mr. Anderson's tax year 2016 is that Mr. Anderson did not respond to the IRS with supporting documentation for the claimed home mortgage interest deduction. The evidence before the Court indicates that, as petitioner said, the mortgage interest claimed on the 2016 tax return was in fact paid when the house was sold by petitioner and Mr. Anderson in 2016, as identified on the Seller's Final Settlement Statement. In fact, contrary to respondent's argument that petitioner had actual knowledge that the item giving rise to the deficiency was unpaid, on the basis of the record before the Court, the Court finds that petitioner had actual knowledge that the mortgage interest totaling $108,407.83 *was* paid to the two mortgage companies that held mortgages on the house held by The Anderson Family Trust. This is

slightly higher than the amount deducted as mortgage interest on the 2016 joint federal income tax return.

Accordingly, the Court is not persuaded that respondent has met his burden of proof by a preponderance of the evidence that the requesting spouse had actual knowledge of the only item giving rise to a deficiency. In fact, it appears to the Court that the underlying deficiency arose from Mr. Anderson's failure to substantiate the deduction, not from nonpayment of the mortgage interest. Therefore, the Court finds that petitioner did not have actual knowledge that the mortgage interest was not paid; and under section 6015(c) petitioner is entitled to relief with respect to the nonrequesting spouse's portion of the disallowed mortgage interest deduction.

### 2. *Allocation*

Petitioner and Mr. Anderson, through The Anderson Family Trust, jointly owned the house and lived in California, a community property state. However, section 6015(a) provides that section 6015 is applied without regard to community property laws. Mr. Anderson's name was the only name listed on the Forms 1098 mortgage interest documents as the borrower. The record reflects that he was the one liable under the mortgages and responsible for paying them.

If a spouse qualifies for relief under section 6015(c), generally, "any item giving rise to a deficiency on a joint return shall be allocated to individuals filing the return in the same manner as it would have been allocated if the individuals had filed separate returns for the taxable year." I.R.C. § 6015(d)(3)(A). Generally, taxpayers may deduct mortgage interest payments for which they are liable. *Golder v. Commissioner*, 604 F.2d 34, 35 (9th Cir. 1979), *aff'g* T.C. Memo. 1976-150; *Jones v. Commissioner*, T.C. Memo. 2006-176; *Johnson v. Commissioner*, T.C. Memo. 1980-9.

Taxpayers who are joint owners of property and are not liable for the mortgage on the property may, but are not required to, deduct the mortgage interest. *See* I.R.C. § 163(a); Treas. Reg. § 1.163-1(b) (providing that mortgage interest paid by a taxpayer with respect to real estate she owns may be deductible even though the taxpayer is not directly liable on the mortgage).

The record shows that, without application of the community property laws, petitioner did not have any income during the year in issue and therefore did not have any independent source of income to

make payments on the mortgage interest and would not have any reason to claim a deduction for the mortgage interest.

Thus, the Court finds that the mortgage interest deduction that gave rise to the deficiency is solely allocated to Mr. Anderson. Under the allocation rules, petitioner is entitled to relief from the entire amount of the deficiency.

III.   *Conclusion*

Accordingly, the Court finds that petitioner is entitled to relief from the deficiency under section 6015(c).

The Court has considered all the other contentions of the parties and, to the extent not discussed above, finds those arguments to be irrelevant, moot, or without merit.

*Decision will be entered for petitioner.*